In re Petition for DISCIPLINARY AC-
TION against Daniel J. MOULTON, a
Minnesota Attorney, Registration No.
136888.

No. A05–1865.

Supreme Court of Minnesota.

March 31, 2010.

ORDER

On September 28, 2006, we suspended respondent Daniel J. Moulton from the practice of law for a minimum of 90 days for failing to timely file quarterly employer withholding tax returns and failing to timely pay employer withholding taxes. *In re Moulton*, 721 N.W.2d 900, 907 (Minn.2006). We allowed respondent to apply for reinstatement under Rule 18(f), Rules on Lawyers Professional Responsibility (RLPR), by attesting, among other things, that "respondent either has made an offer in compromise acceptable to the IRS or has entered into and remained in compliance with a repayment agreement with respect to the outstanding tax liabilities." 721 N.W.2d at 907. After the IRS changed its procedures for processing offers in compromise, we allowed respondent to apply for reinstatement by filing an affidavit "attesting that respondent has submitted an offer in compromise to the IRS and has satisfied all conditions for IRS evaluation of the offer." *In re Moulton*, 733 N.W.2d 777, 777 (Minn.2007).

Later in 2007, respondent filed an affidavit attesting that he had submitted an offer in compromise to the IRS that had been returned by the IRS without evaluation. Because respondent had not shown that he had satisfied all conditions for IRS evaluation of his offer in compromise, we denied the petition for reinstatement without prejudice to respondent's ability to again apply for reinstatement once he had satisfied all conditions for reinstatement. *In re Moulton*, No. A05–1865 (Minn. Aug. 6, 2007).

In January 2010, the Director of the Office of Lawyers Professional Responsibility filed an affidavit with the court indicating that respondent had served the Director with an affidavit seeking reinstatement. The Director indicated that respondent had "provided information and documents to the Director's Office, that [respondent] has made, pursuant to the

Court's September 28, 2006, opinion and June 22, 2007, order, good faith efforts to satisfy his outstanding tax liabilities, based on the current limitation of his income." The Director indicated he had no objections to respondent's reinstatement, subject to practice limitations recommended by respondent's physicians. The Director recommended that respondent be placed on unsupervised probation to last the longer of two years or until respondent has satisfied all past-due employer withholding tax liabilities.

On March 11, 2010, respondent filed an affidavit with the court dated March 8, 2010, indicating that he "has met all preconditions of his suspension order and is currently fit to practice law in the State of Minnesota." Respondent suggests that his practice be limited to three of the following areas: bankruptcy, criminal defense, estate planning and administration, family law, and real estate. Respondent also suggests that he be limited to practicing not more than five hours per day and no more than four days a week without consent of the Director. Attached to respondent's affidavit is respondent's letter to the Minnesota Department of Revenue requesting forms for making an offer in compromise; respondent's letter indicates that he intends to make offers in compromise as to state income and sales taxes owed by two corporations in which he formerly had an interest. Respondent's letter to the Minnesota Department of Revenue is the only documentation filed in support of respondent's request for reinstatement. Respondent filed no documentation as to offers in compromise made to or repayment agreements with the Internal Revenue Service with respect to his federal tax liabilities.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Daniel J. Moulton's request for reinstatement to the practice of law be, and the same is, denied, without prejudice to respondent's ability to again apply for reinstatement by filing with the court and serving upon the Director proof that he has satisfied all conditions for reinstatement imposed by our previous orders. Any future application for reinstatement shall specifically be accompanied by documentation sufficient to establish, as previously ordered, that respondent has submitted offers in compromise of his tax liabilities and has satisfied all conditions for evaluation of those offers. In addition, any future application for reinstatement shall specifically be accompanied by documentation of respondent's medical condition sufficient for the court to evaluate the appropriateness of any recommended practice restrictions.

BY THE COURT:

/s/ Alan C. Page
Associate Justice